UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL MATTHIAS STILLER,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]<br><br>　　　　　　　　　　Defendant. | Case No. 2:16-cv-01470-RBL<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

THIS MATTER is before the Court on Plaintiff Stiller's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of his application for disability insurance benefits.

Stiller suffers from a neck/back disorder. *See* Dkt. 7, Administrative Record 14. He applied for disability insurance benefits in April 2013, alleging he became disabled beginning in May 2010. *See* AR 11. That application was denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge Wayne N. Araki in November 2014. *See id*. Stiller, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 28-73.

The ALJ determined Stiller to be not disabled. *See* AR 8-27. The Appeals Council denied Stiller's request for review, making the ALJ's decision the final decision of the Commissioner of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

Social Security. *See* AR 1-6; 20 C.F.R. § 404.981. In September 2016, Stiller filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Stiller argues that the Commissioner's decision to deny benefits should be reversed and remanded for further administrative proceedings because the ALJ erred in finding that Stiller's impairments did not meet a listing at step three of the sequential evaluation process.

The Commissioner argues that Stiller waived his argument at the hearing, or alternatively that the ALJ did not err in finding that Stiller's impairments did not meet a listing, so the ALJ's finding that Stiller was not disabled was supported by substantial evidence and should be affirmed.

**DISCUSSION**

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported

by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

Stiller asserts that the ALJ erred by failing to find that he met the requirements found in 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A), before his date last insured of December 31, 2011. *See* Dkt. 11 at 4-8. At step three of the sequential disability evaluation process, the ALJ must evaluate the claimant's impairments to see if they meet or medically equal any of the impairments listed in 20 C.F. R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R § 404.1520(d); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If any of the claimant's impairments meet or medically equal a listed impairment, he is deemed disabled. *See* 20 C.F.R. § 404.1520(d). The burden of proof is on the claimant to establish that his impairments meet or equal a listing. *See Tackett*, 180 F.3d at 1098.

Listing 1.04(A) requires:

> Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and,

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A). The ALJ found that the medical evidence did not support that Stiller met all of the requirements of listing 1.04(A). *See* AR 15.

The Commissioner argues that Stiller waived the argument that he met a listing during the hearing, so the Court should not consider it. *See* Dkt. 12 at 2-3. Claimants, when represented by council, are required to "raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *See Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999).

Here, Stiller, through his attorney, stated in his opening argument at the hearing that though he was "close to a listed impairment," he was missing "any significant atrophy." *See* AR 31. Stiller argues in his reply brief that he only conceded a lack of atrophy at the hearing and did not concede that he could not otherwise meet listing 1.04(A). *See* Dkt. 13 at 1-2. In support of this claim, Stiller notes that the motor loss requirement of listing 1.04(A) is described as atrophy with associated muscle weakness or muscle weakness. *See id.* (citing 20 C.F.R. Part 404, Subpart P, Appendix 1, § 1.04(A)). Therefore, Stiller argues, he did not necessarily need proof of atrophy to meet the listing and was not in fact conceding at the hearing that he did not meet a listing. *See id.*

However, considering Stiller's opening statement at the hearing as a whole, the Court cannot reasonably infer that he did not concede that he did not meet a listing when Stiller stated that though he was "close" to a listing, he was "missing" one element. *See* AR 31. Stiller went on to state that he had "all the other aspects" of listing 1.04(A), again implying that he did not meet all the required elements. *See id.* He then concluded that the medical evidence showed that he had the residual functional capacity to perform work only if it were at the sedentary level. *See* AR 31-32. A residual functional capacity is only relevant to the disability determination where a

ORDER - 4

claimant does not meet a listing. *See* Social Security Ruling 96-8p, 1996 WL 374184 at *2. The Court cannot reasonably infer from this opening statement that Stiller was in fact making the argument that he could still meet the motor loss requirement of listing 1.04(A) despite the lack of any atrophy. Therefore, the ALJ found that the medical evidence did not support that Stiller met all of the requirements of listing 1.04(A), and the Court will not reconsider the issue, which was waived.

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds that the ALJ properly concluded Stiller was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 20th day of March, 2017.

_____
Ronald B. Leighton
United States District Judge

ORDER - 5